**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHRISTERPHOR ZIGLAR; et al., | No. 17-16920 |
| Plaintiffs-Appellees, | D.C. No. 2:16-cv-02726-SRB |
| v. | |
| EXPRESS MESSENGER SYSTEMS, INC., dba OnTrac, a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted August 15, 2018
San Francisco, California

Before: SCHROEDER, SILER,** and GRABER, Circuit Judges.

Express Messenger Systems, Inc. ("OnTrac") appeals the district court's

order denying its motion to compel arbitration of wage-and-hour claims brought by

delivery drivers. We have jurisdiction under 9 U.S.C. § 16, and we review the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

denial of arbitration de novo. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017). We vacate the district court's order and remand for further proceedings.

The district court denied OnTrac's motion to compel arbitration on the ground that the arbitration provision in the "Owner Operator Agreements" between the drivers and Subcontracting Concepts CT, LLC, was substantively unconscionable under Arizona law. After the district court entered its order, the Supreme Court issued its opinion in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), addressing the applicability of the Federal Arbitration Act's "saving clause," which permits arbitration agreements to be invalidated by "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

We therefore vacate the district court's order denying OnTrac's motion to compel arbitration and remand for further proceedings in light of *Epic Systems Corp.*, including, if appropriate, consideration of the parties' other arguments regarding arbitrability. We also note for the district court's further consideration that there is a pending case, currently on the court's Seattle calendar for November 2018, that may raise similar issues: *Ege v. Express Messenger Sys., Inc.*, No. 17-35123.

2

**VACATED and REMANDED.** The parties shall bear their own costs on appeal.